UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHANELL HOLIDAY, *et al.*,     )
      Plaintiffs,    )
                                )
  v.                            )  CAUSE NO.: 2:16-CV-525-JVB-JPK
                                )
ATLANTIC RICHFIELD COMPANY, *et al.*, )
      Defendants.    )

## OPINION AND ORDER

This matter is before the Court on the following motions, all of which were filed on September 3, 2020:

1. Hammond Group, Inc., Hammond Lead Products, LLC, Halstab, LLC, and Halox, LLC's Motion to Dismiss [DE 149];

2. Atlantic Richfield Company and BP West Coast Products LLC's Refiled Motion for Judgment on the Pleadings [DE 151];

3. Request for Oral Argument in Support of Atlantic Richfield Company and BP West Coast Products LLC's Refiled Motion for Judgment on the Pleadings [DE 153];

4. Request for Judicial Notice in Support of Atlantic Richfield Company and BP West Coast Products LLC's Refiled Motion for Judgment on the Pleadings [DE 154];

5. Motion to Dismiss of the DuPont Company and the Chemours Company [DE 155]; and

6. Request for Judicial Notice in Support of Motion to Dismiss of the DuPont Company and the Chemours Company [DE 157].

The motions to dismiss are fully briefed. No responses were filed to the requests for judicial notice and the request for oral argument.

The 250 plaintiffs brought suit against 9 defendants. Eight defendants remain: Atlantic Richfield Company and BP West Coast Products LLC (collectively, "Atlantic Richfield"); E.I. Du Pont De Nemours and Company and the Chemours Company (collectively, "DuPont"); and

Hammond Group, Inc., Hammond Lead Products LLC, Halstab LLC, and Halox LLC (collectively, "Hammond Lead").

For the reasons discussed below, the motion for oral argument is denied and the other motions are granted.

## REQUEST FOR ORAL ARGUMENT

Under Northern District of Indiana Local Rule 7-5(c)(1), the Court, in its discretion, may grant or deny a request for oral argument. Finding oral argument unnecessary for the resolution of the pending motions, the Court denies the request.

## REQUESTS FOR JUDICIAL NOTICE

"Judicial notice is a powerful tool that must be used with caution." *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records—such as court orders, agency decisions, administrative body reports, and government websites—are appropriate subjects of judicial notice. *See In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (Easterbrook, J., in chambers) (court orders); *Opoka v. I.N.S.*, 94 F.3d 392, 394-95 (7th Cir. 1996) (agency decisions); *Bell v. City of Country Club Hills*, 841 F.3d 713, 716 n.1 (7th Cir. 2016) (administrative body reports); *Pickett v. Sheridan Health Care Ctr*, 664 F.3d 632, 648 (7th Cir. 2011) (government websites). It is proper to take judicial notice that documents in the public record exist, that they say what they say, and (if applicable) that they have legal consequences. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012).

2

Atlantic Richfield asks the Court to take judicial notice of (1) the Consent Decree Relating to Response Actions & Response Costs in Zones 1 & 3 of Operable Unit 1 of the USS Lead Site issued in Northern District of Indiana cause number 2:14-CV-312, (2) the record of decision regarding the U.S. Smelter & Lead Refinery, Inc. Superfund Site, (3) the transcript of the July 25, 2012 Public Meeting for the Proposed Cleanup Plan of the U.S. Smelter & Lead Superfund Site, (4) the October 31, 1946 warranty deed transferring ownership from International Smelting and Refining Company to the Eagle-Picher Company, (5) the November 27, 1946 warranty deed transferring ownership from International Smelting and Refining Company to the Eagle-Picher Company, and (6) the January 5, 1949 warranty deed transferring ownership from International Smelting and Refining Company to Mid-West Tar Products Corporation.

DuPont asks the Court to take judicial notice of an Environmental Protection Agency (EPA) webpage, an April 8, 2009 Press Release titled "EPA adds East Chicago site to Superfund list; proposes Elkhart, Ind., site," which can be found on the EPA website, and the Complaint in *Alvarez v. City of East Chicago*, which is cause number 45D05-1803-CT-3 in Lake County, Indiana, Superior Court.

No party has filed a response or objection to any request for judicial notice. It appears that the Court can properly take judicial notice of the fact that all of these documents exist and that they say what they say. The Court can also take judicial notice that the judicial and agency decisions have a legal effect. The Court takes such judicial notice of the documents. The Court does not take judicial notice of any of the documents to establish a fact subject to reasonable dispute.

**MOTIONS TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS**

"The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). On a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim or a Rule 12(c) motion for judgment on the pleadings, the Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); see also *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

**Background**

Plaintiffs allege the following in their First Amended Complaint. Relevant to this litigation is a piece of land designated by the EPA as the U.S. Smelter and Lead Refinery, Inc. Superfund Site ("the Site"). From 1910 to 1949, DuPont manufactured lead arsenate insecticide, causing hazardous substances to contaminate the Site. From approximately 1938 to 1965, Atlantic Richfield manufactured white lead and zinc oxide, causing hazardous substances to contaminate the Site. Since 1930, Hammond Lead has produced lead substances, causing hazardous substances to contaminate the Site.

4

Plaintiffs were residents of Lake County, Indiana, who resided[1] at the West Calumet Housing Complex ("the Complex"), which was constructed in the 1970s on land which is now part of the Site and on which Atlantic Richfield had had its operations. The Complex was built to provide housing for low-income residents and is comprised of three-story apartment buildings and brick duplexes with large lawns. For decades, residents of the Complex were exposed to contamination directly caused by Defendants.

The EPA has been involved with the Site for more than two decades, and the Site was placed on the National Priorities List as a Superfund site in 2009. Despite their knowledge of the contamination and its dangers, Defendants actively concealed the same from Plaintiffs. A July 25, 2016 letter from East Chicago Mayor Anthony Copeland to the Complex's residents, including Plaintiffs, informed them that ground within the Complex was highly contaminated with lead and arsenic, which poses dangers. Copeland informed the residents that they would be temporarily relocated as a necessary measure to protect the residents and their children. Prior to Copeland's letter, Plaintiffs were unaware of their exposure to hazardous levels of contamination.

Plaintiffs bring claims of strict liability, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. In briefing the instant motions, Plaintiffs concede that their complaint does not state a strict liability claim. Plaintiffs request relief of compensatory and punitive damages.

## Statute of Limitations

For personal injury actions, Indiana has a two-year statute of limitations. *Id.* § 34-11-2-4. "Under Indiana's discovery rule, a cause of action accrues, and the limitation period begins to run,

---

[1] Plaintiffs G.R., J.R.2, M.R.1, and K.R. are alleged to have "resided with [Plaintiff Jon Rose] at the West Calumet Housing Complex and/or . . . spent significant time there." (Compl. ¶ 45). No party contends that this makes a material difference to the resolution of the pending motions.

5

when a claimant knows or in the exercise of ordinary diligence should have known of the injury." *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009) (citing *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840 (Ind. 1992)).

Because a statute of limitations argument is an affirmative defense, Plaintiffs need not anticipate and defend against it in their complaint. *U.S. Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). Dismissal on a statute of limitations defense is only proper if the allegations of the complaint set forth all of the necessary elements of the defense. *Id.*

DuPont and Atlantic Richfield argue that the limitations period expired before this suit was filed for all Plaintiffs who have reached the age of majority. DuPont identifies Plaintiffs' allegations that the EPA proposed placing the Site on the National Priorities List in 1992, (Compl. ¶ 126), issued an Administrative Order in 1993, *id.* at ¶ 128, began seeking information from potentially responsible parties in 2005, *id.* at ¶ 132, placed the site on the National Priorities List in 2009, *id.* at ¶ 130, and filed suit against Atlantic Richfield and DuPont in 2014, *id.* at ¶ 135.

Plaintiffs also alleged that, on July 25, 2016, the mayor of East Chicago sent letters to the Complex's residents, notifying them for the first time that they had been exposed to hazardous levels of lead or other toxins. *Id.* at ¶¶ 137-39. Plaintiffs further allege that Defendants intentionally concealed Defendants' alleged contamination from Plaintiffs. *Id.* at ¶ 142.

DuPont would have the Court consider the ruling of timeliness in *United States v. Atlantic Richfield Company*, 324 F.R.D. 187, 192 (N.D. Ind. 2018), but there the court was ruling on a motion to intervene, not a motion to dismiss. The plaintiffs there sought to intervene in a terminated CERCLA action. Here, the question is whether Plaintiffs' state law tort claims should be dismissed, and the Court cannot disregard Plaintiffs' properly pleaded allegations that Defendants kept the contamination a secret from Plaintiffs.

Plaintiffs have not alleged that they became aware of the contamination or that they should have become aware of the contamination at a time that would lead to their claims being time-barred. Instead, they allege that Defendants kept the contamination a secret and that they were not made aware of their exposure to hazardous levels of contaminants until July 25, 2016. This lawsuit was filed on November 16, 2016, within the applicable statute of limitations period from the date when Plaintiffs allege that they became aware of their injuries.

**Failure to Join Required Parties**

DuPont contends that the EPA and Indiana Department of Environmental Management (IDEM) are required parties under Federal Rule of Civil Procedure 19(a)(1) because their absence in this case would prejudice DuPont. Because the EPA and IDEM cannot be joined due to sovereign immunity, DuPont argues that equity and good conscience mandate dismissal of this cause of action.

Federal Rule of Civil Procedure 19(a) governs "persons required to be joined if feasible," and dictates:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>   (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
>   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>     (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>     (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

DuPont argues that the EPA has been involved with the Superfund Site for over twenty years and that DuPont has an agreement with the EPA and IDEM regarding payment for the EPA's cleanup.

DuPont asserts that any judgment in this case would put DuPont at risk of inconsistent obligations. DuPont is also concerned that it will be held accountable for action or inaction that was the directed by the EPA or IDEM.

DuPont's agreement with the EPA and IDEM pertains to CERCLA claims, not state law tort claims. In *Rolan v. Atl. Richfield Co.*, No. 1:16-CV-357, 2017 WL 3191791, at *19 (N.D. Ind. July 26, 2017), the court "note[d] that the governmental entities could only be required parties to the Plaintiffs' CERCLA claim," and further found that "[j]ust because the governmental entities have made policy determinations specific to the remediation efforts at the [site of contamination] does not make them 'required' for purposes of the Plaintiffs' CERCLA and state law claims." Here, there are only state law claims and not CERCLA claims. The Court agrees with the reasoning in *Rolan* that the EPA and IDEM are not required parties for Plaintiffs' state law claims.

## Collective Allegations

DuPont argues that Plaintiffs improperly make "collective allegations" that lump all of Defendants' actions together. A complaint comprised entirely of collective allegations would be improper. However, if sufficient allegations are made to state claims against Defendants individually, the presence of collective allegations in the complaint is not improper.

While some allegations are made against "Defendants" as a whole, other allegations identify specific defendants and their alleged actions. There is no ground for dismissing the complaint as a whole, but the Court will consider, in the context of each claim, the sufficiency of the allegations made against each defendant.

## Negligence

"Prevailing on a negligence claim requires fulfillment of three elements: 1) duty owed to plaintiff by the defendant; 2) breach of duty by allowing conduct to fall below the applicable

8

standard of care; and 3) compensable injury proximately caused by defendant's breach of duty." *Ryan v. TCI Architects/Engineers/Contractors, Inc.*, 72 N.E.3d 908, 913 (Ind. 2017) (citing *Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016)).

Atlantic Richfield and DuPont argue that they owed no duty to Plaintiffs. This is dispositive as to the claim against Atlantic Richfield. DuPont also challenges the breach and causation of injury elements. Hammond Lead asserts only that causation of injury has not been adequately alleged.

    *A.*    *Duty*

In Indiana, whether a duty exists is determined by balancing the relationship between the parties, the reasonable foreseeability of harm to the person injured, and public policy concerns. *Yost v. Wabash Coll.*, 3 N.E.3d 509, 520-21 (Ind. 2014).

Atlantic Richfield and DuPont argue that they owe no duty to Plaintiffs. Where there is no prior declaration or articulation of duty, Indiana courts balance three factors to determine with a duty exists: "(1) the relationship between the parties; (2) the foreseeability of harm; and (3) public policy concerns." *Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 387 (Ind. 2016).

    1.    Atlantic Richfield

Plaintiffs allege that the Complex was built where the Atlantic Richfield plant formerly stood. (Compl. ¶ 123). Atlantic Richfield argues that, as a previous owner of the same land on which Plaintiffs resided, it owed no duty to Plaintiffs to not contaminate its property (which would later be the site of Plaintiffs' residences).

Courts considering the question under Indiana law of duty between past owners and subsequent owners or residents have found no duty to exist. *Walker v. City of East Chicago*, No. 2:16-CV-367, 2017 WL 4340259, at *8 (N.D. Ind. Sept. 29, 2017); *Rolan*, No. 1:16-CV-357, 2017

9

WL 3191791, at *16-17; *Wickens v. Shell Oil Co.*, No. 1:05-CV-645, 2006 WL 3254544, at *7-8 (S.D. Ind. Nov. 9, 2006); *see also Mishler v. State*, 730 N.E.2d 229, 231 (Ind. Ct. App. 2000) (holding the state owed no duty to driver injured after state relinquished roadway to city).

In both the *Walker* and the *Rolan* cases, the plaintiffs were residents of the Complex who brought negligence claims against Atlantic Richfield. In those cases, Judge Moody and Judge Springmann, respectively, found that none of the three factors considered in determining whether a duty exists are present: there was no relationship between the Complex residents and Atlantic Richfield because it was not reasonably foreseeable that the property would become residential in the future, the harm from Atlantic Richfield's actions was not foreseeable (again, due to the lack of knowledge that the land would become residential), and public policy does not favor finding a duty to future, unknown possessors of one's land. *Walker*, No. 2:16-CV-367, 2017 WL 4340259, at *8; *Rolan*, No. 1:16-CV-357, 2017 WL 3191791, at *17.

Regarding duty, Plaintiffs try to distinguish *Rolan* by noting that the plaintiffs there brought claims for trespass or nuisance, but the *Rolan* plaintiffs also brought negligence claims, so this argument is unpersuasive. Plaintiffs also indicate that they alleged proximate causation, but that is a separate element of a negligence claim and cannot overcome a lack of duty. Plaintiffs also assert that Atlantic Richfield was expected to engage in its industrial practices in a way that did not cause hazardous substances to cause injury. However, here, where the parties alleging injury are subsequent residents of the same land—not, for example, residents of neighboring property—there is no relationship between the parties, the harm was not foreseeable, and public policy does not favor holding Atlantic Richfield responsible. Therefore, there is no duty, and Plaintiffs' negligence claim against Atlantic Richfield must be dismissed.

### 2.  DuPont

DuPont also argues that it owed no duty to Plaintiffs. Plaintiffs respond that DuPont had the duty to not contaminate the properties around DuPont's operations, exposing Plaintiffs to hazardous substances as a result. Plaintiffs also assert that, the contamination having occurred, DuPont owed Plaintiffs the duty of warning them that the contamination had occurred.

The Court first considers the duty to not contaminate. Unlike Atlantic Richfield, DuPont operated on land neighboring what later became the site of the Complex instead of the same land where the Complex is located. A property owner who processes hazardous materials on its land owes a duty to future possessors of interests in neighboring properties not to contaminate neighboring property. *KB Home Indiana Inc. v. Rockville TBD Corp.*, 928 N.E.2d 297, 299-300, 305 (Ind. Ct. App. 2010); *see also Rolan*, No. 1:16-CV-357, 2017 WL 3191791, at *18. Plaintiffs have alleged that they resided at property neighboring DuPont's and have thus sufficiently alleged the duty to not contaminate.

Regarding a duty to warn, DuPont argues that it could reasonably assume Plaintiffs knew of the contamination when the EPA placed the Superfund Site on the national priorities list. Still, Plaintiffs have alleged that Defendants kept the contamination a secret from Plaintiffs. (Compl. ¶ 142). Assuming the allegations are true, which the Court does on a motion to dismiss, DuPont could not reasonably assume Plaintiffs knew of the contamination because DuPont was intentionally keeping that matter a secret from Plaintiffs. These arguments fail, and the duty to warn has been adequately alleged.

### B.  *Breach of Duty*

DuPont argues that Plaintiffs have not alleged breach of duty or, at least, have not alleged facts to support the violation of any duty. To the contrary, Plaintiffs allege that DuPont

11

contaminated the Site with hazardous substances (Compl. ¶ 107), and intentionally kept their contamination of the property secret from Plaintiffs. *Id.* at 142. Plaintiffs have alleged breach of duty.

DuPont further argues that because Plaintiffs have not alleged that DuPont violated a statute Plaintiffs cannot show that DuPont was negligent. Though negligence per se requires a statutory violation, *see Stachowski v. Estate of Radman*, 95 N.E.3d 542, 544 (Ind. Ct. App. 2018), negligence in general does not need to be based on a statutory violation.

### C. Proximate Causation of Compensable Injury

Hammond Lead argues that Plaintiffs have not sufficiently pleaded proximate causation, noting that Plaintiffs have not alleged that but for Hammond Lead's actions the contamination would not have occurred. This argument fails because Indiana does not require that a defendant be *the* proximate cause of damages in a negligence action; it requires only that a defendant be *a* proximate cause. *Rolan*, 2017 WL 3191791, at *18; *Carey v. Ind. Physical Therapy, Inc.*, 926 N.E.2d 1126, 1129 (Ind. Ct. App. 2010). Plaintiffs sufficiently allege that Hammond Lead was a proximate cause of negligent contamination of the Complex property. *See* (Compl. ¶¶ 116-17, 121).

Hammond Lead and DuPont also argue that Plaintiffs have not asserted any specific injury sustained by any Plaintiff and that Plaintiffs' allegations of injury are merely conclusory and identical recitations and violate the standard of pleading required by *Twombly* and *Iqbal*. Plaintiffs do not directly address these arguments. Plaintiffs allegation that "[e]ach Plaintiff has suffered physical, mental, and emotional harm as a direct and proximate result of his or her exposure to the lead or other chemical contamination at the Site," (Compl. ¶ 144), is conclusory and, alone, does not rise to the level of pleading required by *Twombly* and *Iqbal*. Plaintiffs have alleged *exposure*

to environmental contaminants, but they have not alleged any resulting *injury*. "[T]he threat of future harm, not yet realized, is not enough" to satisfy the damages element of a negligence action. *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 155 F. Supp. 2d 1069, 1086 (S.D. Ind. 2001) (quoting W. Page Keeton et al., Prosser and Keeton on Torts 165 (5th ed.1984)) (discussing both negligence and strict liability claims). Plaintiffs have failed to allege damages, so their negligence claims against DuPont and Hammond Lead must be dismissed.

### Intentional Infliction of Emotional Distress

In Indiana, the tort of intentional infliction of emotional distress has been committed when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Williams v. Tharp*, 914 N.E.2d 756, 769 n.4 (Ind. 2009) (quoting *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991)). "What constitutes extreme and outrageous conduct depends, in part, upon prevailing cultural norms and values," but can sometimes be determined as a matter of law. *Creel v. I.C.E. & Assocs., Inc.*, 771 N.E.2d 1276, 1282 (Ind. Ct. App. 2002). However, "[i]f reasonable persons can differ regarding the extremity and outrageousness of certain conduct, then the matter should be left to a jury's determination." *State v. Alvarez by next friend Alvarez*, 150 N.E.3d 206, 219 (Ind. Ct. App. 2020). Furthermore, a claim for IIED requires "the intent to harm one emotionally." *Tucker v. Roman Catholic Diocese of Lafayette-in-Indiana*, 837 N.E.2d 596, 603 (Ind. Ct. App. 2005) (quoting *Cullison*, 570 N.E.2d at 31).

Defendants contend that Plaintiffs have not alleged sufficiently extreme or outrageous conduct by any defendant such that Plaintiffs have a claim for intentional infliction of emotional distress (IIED). Plaintiffs posit that they have alleged extreme and outrageous conduct, specifically that Defendants stood silent while knowingly exposing people to toxic substances and intentionally concealing the fact of contamination. Citing *State v. Alvarez*, Plaintiffs argue that the knowing

exposure of others to toxic substances is extreme and outrageous. 150 N.E.3d at 219. Though Hammond Lead argues that its actions could not be extreme or outrageous toward Plaintiffs because at the time of its alleged manufacturing the Complex did not exist, the concealment of the contamination is not necessarily constrained in time to the period of each Defendant's industrial operations at the Site. At this early stage in the litigation, the Court cannot say as a matter of law that Defendants' actions, as alleged, are not extreme and outrageous.

However, Plaintiffs have insufficiently alleged that any defendant acted with the necessary level of intent to harm Plaintiffs emotionally. Plaintiffs argue that they alleged that the Defendants acted with reckless disregard toward Plaintiffs' health, safety, and wellbeing, which resulted in Plaintiffs' emotional distress. *See* (Compl. ¶ 182). But, Plaintiffs failed to allege that Defendants acted intentionally or recklessly to harm Plaintiffs emotionally. Plaintiffs do not allege that, at minimum, Defendants knew there was a high probability that their actions would result in Plaintiffs' emotional distress. *See Chivers v. Cent. Noble Cmty. Sch.*, 423 F. Supp. 2d 835, 857 (N.D. Ind. 2006). Accordingly, this claim must be dismissed.

### Negligent Infliction of Emotional Distress

"[A]ctions seeking damages for emotional distress resulting from the negligence of another are permitted in two situations: where the plaintiff has (1) witnessed or come to the scene soon thereafter the death or severe injury of certain classes of relatives . . . or (2) suffered a direct impact." *Spangler v. Bechtel*, 958 N.E.2d 458, 466 (Ind. 2011) (citing *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 998 (Ind. 2006)). "[I]ndependent, stand-alone actions for negligent infliction of emotional distress are not cognizable in Indiana." *Id.* Because the Court found, above, that

dismissal of the negligence claim is required, the negligent infliction of emotional distress claims must also be dismissed.[2]

## Punitive Damages

Though listed as a claim, punitive damages are a remedy, not a claim. Under Indiana law, punitive damages are available for tort claims where there was malice, fraud, gross negligence, or oppressive conduct. *See Miller Brewing Co. v. Best Beers of Bloomington, Inc.*, 608 N.E.2d 975, 983 (Ind. 1993). Because Plaintiffs have not stated a claim upon which relief can be granted and the First Amended Complaint is being dismissed, no further analysis of this matter is necessary.

## Request for Leave to Amend

Plaintiffs have requested leave to amend their complaint, which, pursuant to Federal Rule of Civil Procedure 15(a), should be freely granted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. The Court sets the deadline for the filing of any motion to amend the pleadings for September 15, 2021.

## CONCLUSION

Based on the foregoing, the Court hereby:

1. **GRANTS** Hammond Group, Inc., Hammond Lead Products, LLC, Halstab, LLC, and Halox, LLC's Motion to Dismiss [DE 149];

2. **GRANTS** Atlantic Richfield Company and BP West Coast Products LLC's Refiled Motion for Judgment on the Pleadings [DE 151];

3. **DENIES** the Request for Oral Argument in Support of Atlantic Richfield Company and BP West Coast Products LLC's Refiled Motion for Judgment on the Pleadings [DE 153];

4. **GRANTS** the Request for Judicial Notice in Support of Atlantic Richfield Company and BP West Coast Products LLC's Refiled Motion for Judgment on the Pleadings [DE 154];

---

[2] In the interest of judicial economy and because all claims in the First Amended Complaint are dismissed, the Court will not address the additional argument for the dismissal of Defendant BP West Coast Products, LLC.

5. **GRANTS** the Motion to Dismiss of the DuPont Company and the Chemours Company [DE 155]; and

6. **GRANTS** the Request for Judicial Notice in Support of Motion to Dismiss of the DuPont Company and the Chemours Company [DE 157].

The Court **DISMISSES** the Complaint. The Court **SETS** the deadline to file any motion to amend the pleadings for **September 15, 2021**.

SO ORDERED on August 23, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT
